**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**RAYMONE KNOX,**

       **Plaintiff,**            **CIVIL ACTION NO. 13-cv-12364**

       **v.**                      **DISTRICT JUDGE MATTHEW F. LEITMAN**

                                 **MAGISTRATE JUDGE MONA K. MAJZOUB**

**BENNY NAPOLEAN, et al.,**

       **Defendants.**
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S**
**MOTIONS FOR LEAVE TO FILE AN AMENDED COMPLAINT [29] AND [31]**

This matter comes before the Court on Plaintiff Raymone Knox's Motions for Leave to File an Amended Complaint. (Docket nos. 29 and 31.) Defendant, Sheriff Benny Napolean, filed a response to Plaintiff's first Motion. (Docket no. 30.) Plaintiff's second Motion is unopposed. All pretrial matters have been referred to the undersigned for consideration. (Docket no. 25.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff Raymone Knox filed this *pro se* prisoner civil rights action on May 29, 2013, pursuant to 42 U.S.C. § 1983, alleging that he was assaulted by seven officers while he was incarcerated in the Wayne County Jail. (Docket no. 1.) Plaintiff identified these officers as "Six John Does" and "Jane Doe (Lieutenant)" in his Complaint. (*Id.* at 6.) On June 18, 2014, Plaintiff filed a Motion for Leave to File an Amended Complaint, which purports to identify the seven "Doe" defendants in Plaintiff's original Complaint as well as two additional officers. (Docket no. 29.)

Defendant Napolean responded to Plaintiff's Motion on July 14, 2014, and objected on the basis that Plaintiff had not attached a copy of the proposed amended complaint to his Motion as required by Local Rule 15.1. (Docket no. 30.) Local Rule 15.1 requires a party who moves to amend a pleading to attached the proposed amended pleading to the motion; however, failure to comply with L.R. 15.1 is not grounds for denial of the motion. Thus, while Defendant's objection is proper, the Court will not deny Plaintiff's Motion on this basis. Alternatively, because Plaintiff has since filed a second Motion for Leave to File an Amended Complaint along with a proposed amended complaint, the Court will deny Plaintiff's first Motion for Leave to File an Amended Complaint (docket no. 29) as moot.

Plaintiff filed his second Motion for Leave to File an Amended Complaint and a proposed amended complaint on July 24, 2014. (Docket nos. 31 and 32.) Defendant has not responded to Plaintiff's Motion. Federal Rule of Civil Procedure 15(a) provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Factors relevant to the determination of whether to permit an amendment include "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

2

To determine whether an amendment would be futile, the court determines whether the amendment could survive a motion to dismiss pursuant to Rule 12(b)(6). *Keely v. Dep't of Veterans Affairs*, No. 10-CV-11059, 2011 WL 824493, at \*1 (E.D. Mich. Mar. 3, 2011) (Majzoub, M.J.) (citation omitted). When deciding a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)(2)). A court is not required to guess at the nature of the claim asserted. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

The undersigned notes that "*[p]ro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citation omitted). Even so, a *pro se* plaintiff's complaint must meet basic pleading standards. *Wells*, 891 F.2d at 594. Plaintiff's proposed amended complaint identifies the seven "Doe" defendants by name, and adds two additional officers and the City of Hamtramck as defendants. It also contains an exponentially expanded Statement of Facts as compared to Plaintiff's original complaint. Plaintiff's proposed amended complaint, however, fails to provide any statement of Plaintiff's underlying claims against Defendants and, in turn, fails to give Defendants sufficient notice of the claims against which they must defend. Plaintiff's proposed amended complaint fails to state a claim upon which relief may be granted and would not survive a motion to dismiss under Rule 12(b)(6); it would, therefore, be futile.

3

Consequently, the Court will deny Plaintiff's second Motion for Leave to File an Amended Complaint (docket no. 31) without prejudice and strike Plaintiff's proposed amended complaint (docket no. 32) from the Court's docket.  Should Plaintiff choose to cure the deficiencies in his proposed amended complaint, the Court will consider a third Motion for Leave to File an Amended Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint [29] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint [31] is **DENIED** without prejudice.  Plaintiff's proposed amended complaint [32] is stricken.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  December 30,  2014          s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Raymone Knox and Counsel of Record on this date.

Dated: December 30, 2014          s/ Lisa C. Bartlett

Case Manager

Case Manager